UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSE CASTRO ET AL.                                      CIVIL ACTION

VERSUS                                                  NO. 11-958

SOUTHERN STUCCO, INC.                                   SECTION "C" (2)

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:        Motion of Defendant, JB Applicators, LLC, for Leave to File Cross-Claim, Record Doc. No. 29

O R D E R E D:

XXX : GRANTED. Pursuant to my previous order, Record Doc. No. 32, the deadline for filing written opposition, if any, to defendant's Motion for Leave to File Cross-Claim, Record Doc. No. 29, was December 13, 2011. No memorandum in opposition to the motion has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit, **IT IS ORDERED** that the motion is granted for the following reasons.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

In addition, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 9, the schedule "may be

modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." <u>S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA</u>, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" <u>Sw. Bell Tel. Co. v. City of El Paso</u>, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting <u>S & W Enters.</u>, 315 F.3d at 535); <u>accord</u> <u>Fahim v. Marriott Hotel Servs., Inc.</u>, 551 F.3d 344, 348 (5th Cir. 2008); <u>Nunez v. U.S. Postal Serv.</u>, 298 F. App'x 316, 319 (5th Cir. 2008); <u>In re Int'l Marine, LLC</u>, No. 07-6424, 2009 WL 498372, at *1-2 (E.D. La. Feb. 26, 2009) (Fallon, J.).

Weighing these factors in this instance favors granting the motion. Defense counsel's recent retention and need to investigate the matter is a persuasive reason for late assertion of this claim. Trial is not scheduled to occur for another four months so that no prejudice should result from allowing the amendment, since the other parties who have not opposed it should have sufficient time to address it without a trial continuance. The cross-claim appears to be important, so that good cause under the Rule 16 standard is established, and the liberal Rule 15 factors militate in favor of permitting the amendment.

New Orleans, Louisiana, this _16th_ day of December, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE